[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION FOR RECEIVER #106
This matter comes before the court on an application by the plaintiff for an appointment of a receiver of rents.
The plaintiff in this case is the holder of a note acknowledged by the defendant to be in default. The debt exceeds 7 1/2 million dollars and the appraised value is 5 1/4 million. Real estate taxes, water and sewer are due exceeding 3/4 million. There appears to be a deficiency of approximately 3 million dollars. In addition there is outstanding 1.2 million due to various vendors who have provided services, some of whom continue to render certain services. The subject premises consist of two six-story apartment buildings which contain 212 rental units. It presently is approximately 90% occupied.
The development of this project was in trouble from the outset. Whether the difficulties were due to economics of the time CT Page 1641 and place or faulty and ill conceived projections of the developer and the original mortgagee is of no importance except insofar there was early recognition of the problem and some joint effort to address them by and between the original mortgagee and Boyer.
George K. Boyer, an experienced property manager, assumed the responsibility of overseeing the complex. In that capacity, Boyer kept the original mortgagee, New England Savings Bank (NESB), informed of the project's financial condition. In 1991, Boyer approached NESB for additional borrowing needed for renovations. Instead of lending funds, NESB elected to take an "equity position"; thus there was created a limited partnership in which Boyer retained a 60% interest in the property and New England Properties, a wholly-owned subsidiary of NESB obtained a 40% interest.
It appears from the evidence NESB either acting through its agent or employees or as limited partner had input as to management decision. There is a claim undisputed at the time that the bank insisted on mortgage payments knowing that taxes were not being paid.
The complex is and was being managed by Boyer Realty Management, Inc. which is a corporation the stock of which is wholly owner by George Boyer. The vacancy rate in 1989 was as high as 40%. It has been reduced to 11%. The plaintiff's appraiser concurs that the property is well maintained. The defendant argues that "in 1991 the defendant trustee paid $135,000 toward taxes ($15,000 per month for 9 months) and paid $262,631.46 in debt service. In 1992 the defendant paid $85,000 in taxes and $282,000.00 in debt service. Finally in 1993 the plaintiff paid nothing in toward taxes but $47,000 to the plaintiff predecessor on its debts". The defendant further claims that from 1991 through 1993 Boyer received total management fees of $13,238.23 far less than the expected fees if such fees were to be set at the accepted rate of 4% — 5% of gross rents. Such a management fee would be $48,000 to $60,000 annually. The court concurs with the aforesaid and further agrees that the property does not generate sufficient monies to meet the past due and current financial obligations. Probably George Boyer through his corporation would have the best ability to continue to manage the project except for a blatant and unexplained payment of $105,274.36 to Mr. Boyer personally as an unsecured creditor in the year 1993. Mr. Boyer attempted to explain away that he personally made a necessary $28,000.00 cash loan to the property to keep it operating in 1993 and took CT Page 1642 repayments when the sums were available. While court may be able to accept such a representation, this court is unable to find justification for the taking of $105,274.36 for payment of past claimed debt while in that same 1993 year no payment was paid for taxes, water or sewer and only $47,000.00 was paid on the mortgage obligation.
When considering all of the evidence before the court there appears to be ample and persuasive reasons for a receiver to be appointed that would not have conflicting claims with other creditors.
Accordingly, the court will grant the application. The matter is set down for a hearing on February 28, 1994 at 10:00 a.m. to determine a qualified receiver and the manner of the assumption of management.
JOHN WALSH, J.